# THE BUFFALO, N. Y. & P. R. CO. v. THE COMMON-WEALTH.

ERROR TO THE COURT OF COMMON PLEAS OF WARREN COUNTY.

121  537
e 22 SC 649

Argued May 1, 1888—Decided May 25, 1888.

A writ of alternative mandamus charged that defendant railroad company had constructed their road-bed upon a certain public highway therein described and appropriated it to their exclusive use, and that by reason thereof it became the duty of the company forthwith at their own expense to cause the said highway to be reconstructed on the most favorable location and in as perfect a manner as the original road.

In the return to said writ, the defendant admitted that it occupied a road "located as set forth in plaintiff's petition, . . . . . whether a duly ordained and authorized public road, this defendant does not know, and for the purpose of this suit denies, and asks that the relator may be compelled to prove the same," and that they "forthwith and with the knowledge of the commissioners and proper road authorities, did cause the said road to be reconstructed on the most favorable location and in as perfect a manner as the original road, without objection by said commissioners and road authorities:" On demurrer to the return, *held:*

1. That the defendant was not obliged to traverse in the return any fact, or to answer for any breach of duty, not set out or assigned in the writ.

2. That if the fact that the road occupied was a public road was not known to the defendant, there was no law or rule of practice which would oblige the defendant to answer that it was or was not.

3. That the commonwealth had made its case upon the specific matters of complaint assigned in the writ, and these matters having been directly denied and traversed as they were assigned, the issue was raised, and it was error to overrule the return, enter judgment for the plaintiff, and award the peremptory writ.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 38 January Term 1888, Sup. Ct.; court below, No. 68 September Term 1886, C. P.

On August 9, 1886, the petition of The Commonwealth of Pennsylvania, ex relatione Lewis C. Cassidy, attorney general, was presented, whereupon a writ of alternative mandamus,

embracing its suggestions in full, was issued, which writ averred:

That on or about August 15, 1881, The Buffalo, Pittsburgh & Western Railroad Company, a corporation organized or existing under the laws of the state of Pennsylvania, now merged, consolidated with, and operated by a railroad corporation organized or existing under the laws of the states of New York and Pennsylvania, under the title and name of The Buffalo, New York & Philadelphia Railway Company, entered upon, and from time to time thereafter constructed a railroad now operated by the defendant as aforesaid, in, upon and over a certain public road and highway in Glade township, Warren county, Pennsylvania, leading from the borough of Warren along the bank of the Allegheny river in the direction of, or to the village of Kinzua, and thereupon placed materials, made excavations, graded and constructed their said railroad in such a way and manner as to hinder, impede and obstruct public travel thereon; and in the construction of said railroad, the said The Buffalo, P. & W. R. Co., took and appropriated, and the said The Buffalo, N. Y. & P. R. Co. in and by force of the general statutes in such case made and provided, took and appropriated, and now uses and occupies certain portions of said public road and highway between that point in the line of said public road and highway, generally known as Glade Run, and the point where the said public road and highway intersects the East line of Glade township, aggregating about four miles of said public road or highway within Glade township, so as aforesaid taken and appropriated; by reason whereof, and by force of the statutes in such case made and provided, it became necessary, and was and is the duty of the said The Buffalo, N. Y. & P. R. Co. the defendant, to reconstruct said public road and highway, so as aforesaid taken and appropriated, " at their own proper expense," and that although the said defendant is enjoying, and exercising the corporate powers and franchises of a railroad company, under the laws of the states of New York and Pennsylvania, in maintaining and operating said railroad, and the corporate powers and franchises of the said The Buffalo, P. & W. R. Co. and is subject to all its liabilities and duties, yet neither the said The Buffalo, P. & W. R. Co., after the taking and appropriation by it of

the said public road and highway as aforesaid, nor the defendant after the taking and appropriation by it of the said public road and highway in the manner aforesaid, "forthwith," nor at any time "caused the said public road and highway to be reconstructed on the most favorable location, and in as perfect a manner as the original road," so as aforesaid taken and appropriated; and, though requested so to do, it has altogether neglected and refused, and still neglects and refuses to reconstruct the same in the manner aforesaid as required by law and its duty; that no adequate or specific remedy has been provided by law to compel the said defendant railroad or railway company to perform its duty under the statutes in such case made and provided, and by reason of the premises and said neglect and refusal, the said plaintiff has suffered damage, and has no specific legal remedy therefor.   We, therefore, being willing, etc.

To this writ, returned duly served by the sheriff on W. S. Gifford, agent, and E. H. Witter, division superintendent, and Byron D. Hamlin, designated agent in Pennsylvania, the defendant company on September 6, 1886, filed its return, in substance as follows:

1. It denies the jurisdiction of the court, for the reason that the defendant has no place of business in Warren county, nor in McKean county, and that its only and principal place of business in the commonwealth is in the city of Philadelphia.

2. It denies the jurisdiction of the court for the further reason that the road commissioners of Glade township, in whose behalf the said petition was filed, have other plain, adequate and complete remedy for the acts and omissions complained of, in the ordinary courts of law.

3. It denies the right and duty of the court to entertain jurisdiction, for the further reason, that on May 20, 1885, at the suit of Edward W. Kinsley, and at No. 3 November Term 1885, the Circuit Court of the United States for the Western district of Pennsylvania assumed possession, control and operation of the Buffalo, N. Y. & P. Railroad and all property of the defendant company, in behalf of the creditors of said company, and by its decree appointed one G. Clinton Gardner, receiver, etc., and enjoined the defendant, its officers and agents, from interfering with said receiver in his possession,

control and management of said railroad and other property, etc., etc.

4. The said defendant further answering, while not admitting but denying the correctness of the relator's allegations as to the description, extent and public character of the road alleged to have been appropriated by defendant, admits that the Buffalo, P. & W. R. Co. built its said railroad through the township of Glade, in the summer of 1881, and further avers and admits that by consolidation and merger in the spring of 1884, the said railroad passed into the possession, and became the property of the defendant, but denies that for the purposes of this suit, the said Buffalo, P. & W. R. Co. and this defendant are one company, or that the liabilities in this behalf of the former company descended to, and were imposed upon this defendant, but avers that the road commissioners of Glade township aforesaid, should in the exercise of due diligence have brought their suit against the Buffalo, P. & W. R. Co., against which there was a full and complete remedy under the act of 1849, and other laws of said commonwealth.

5. [The defendant answering admits that when the Buffalo, P. & W. R. Co. built its railroad through Glade township, in the summer of 1881, it did occupy, *and the defendant still continues to occupy*, adjacent to the Allegheny river, *located as set forth in plaintiff's petition, and did and does occupy no other road—a road,** whether a duly ordained and authorized public road, this defendant does not know, and for the purpose of this suit denies, and asks that the relator may be compelled to prove the same.][2] [The defendant avers however, that said company last aforesaid named, forthwith, and with the knowledge of the commissioners and proper road authorities of said Glade township, did cause the said road to be reconstructed on the most favorable location and in as perfect a manner as the original road, without objection by said commissioners and road authorities;][3] and defendant further affirms that since said time, to-wit: in the spring of 1884, the said railroad has changed ownership, and other rights have become involved to which gross injury would be done by an enforcement of the remedy claimed in the petition of said relator, and that it was

---

* The portions in Italics supplied from the amendment allowed, infra.

the duty of the road Commissioners of said township, if they were dissatisfied with said reconstructed road, to have commenced at once by the proper legal proceedings to obtain an adjudication of the rights of the respective parties, and that, after leaving said road to go without repair for the period of five years, and after the witnesses of the defendant are either dead or scattered beyond the ability to procure their testimony, it is too late to seek this extraordinary remedy.

On September 16, 1886, the relator replied to this return:

1. To the 1st paragraph, by way of plea, that on December 14, 1874, the said corporation, in compliance with the act of April 22, 1874, filed in the office of the secretary of the commonwealth, a certificate designating and appointing Byron D. Hamlin of Smethport, McKean county, its agent for the state of Pennsylvania, etc.

2. To the 2d paragraph, by demurrer, that no other plain or adequate and complete remedy for the acts and omissions complained of is shown.

3. To the 3d paragraph, by way of plea, that if G. Clinton Gardner is receiver of defendant corporation, as alleged, it is submitted whether under the facts therein set forth such receiver is a necessary party to the suit, or to carry the judgment into effect, and if so held, the relator moved the court for permission to amend his relation so as to make said receiver a party of record.

4. The relator replying to the 4th paragraph of defendant's return, demurs to the same, and for cause thereof, says that in so far as the same purports to contain denials of averments in the relation contained, the same are not direct and positive, but evasive and argumentative.

5. The relator replying to the 5th paragraph of defendant's return, by way of plea, says that the matters therein alleged are inconsistent, indirect, evasive, and bad for duplicity, and that it fails to set forth matter material, distinct, and traversable. That it contains conclusions of law based upon irrelevant and confused statements of fact, upon which no separate and material issue would be raised by traverse; and the relator submits that no proper matter for traverse is contained therein, and moves the court to quash the said fifth paragraph of defendant's return, with leave to traverse any matter there-

in well pleaded after such irrelevant matter is eliminated or quashed, and to this end the matters contained in the said fifth paragraph are not admitted, but denied.

On May 2, 1887, on motion in open court leave was given the relator to file the order of the Circuit Court of the United States for the Western District of Pennsylvania, dated April 27, 1887, granting leave to prosecute to judgment this suit against the defendant company, with notice to G. Clinton Gardner, receiver of said company; and on June 6th, no answer or cause being shown against the same, the plaintiff moved for judgment against the defendant, with notice to said receiver. On the same day the defendant moved for leave to file an amendment to the 5th paragraph of its return, and rule granted. This rule on argument was made absolute on July 26, 1887, when the defendant amended the 5th paragraph of the return as shown supra, by the words inserted in italics.

On the same day the plaintiff demurred to the 5th paragraph of defendant's return as amended, and for cause assigned the reasons:

1. The facts set out do not show that the defendant has performed its duty under the statute in such case made and provided.

2. The defendant fails to set out the facts showing how, and in what manner, it has reconstructed the alleged road.

3. The defendant does not show a compliance with its duty under the statute, by performing the conditions precedent to the right of entry upon the lands of the owner or owners, over which the alleged reconstructed road passes.

4. The said section does not show that said defendant changed the site of the old road, nor that it built or reconstructed a new road, " at its own proper expense, on the most favorable location, and in as perfect a manner as the original road."

5. The facts stated and alleged are duplex, and present no issuable fact, and the return is therefore insufficient in law.

Issue having been joined on this demurrer filed, and argument had, the court, BROWN, P. J., on September 5, 1887, filed the following opinion and decree:

The facts averred in the petition and recited in the alterna-

tive mandamus exhibit a clear legal right in the plaintiff and a corresponding duty in the defendant. No other adequate and specific remedy existing, the writ of mandamus lies, and we think it is the proper and appropriate writ to enforce the performance by the defendant of the duty it is charged with neglecting.

We are of opinion that the plea of the plaintiff to the first paragraph of the defendant's return is good, and that the record shows a service on the defendant good in law.

The objection to the jurisdiction of this court, based on the facts stated in the third paragraph, if good when the return was made, is not now available, for the reason that the Circuit Court of the United States has, as appears by the order of said court filed May 2, 1887, granted leave to prosecute this suit to judgment against the defendant upon notice thereof given to G. Clinton Gardner, receiver of the company defendant, and the record shows such notice duly given.

We are of the opinion that the facts averred in the fourth paragraph of the return, in so far as the same purports to contain denials of averments in the petition, are not direct and positive, but argumentative, and that the other facts therein stated are not good in law.

The relator makes a positive averment that the Buffalo, P. & W. R. Co. entered upon a certain public road in Glade township and appropriated the same to its own use, and that the company defendant did and still continues to occupy said public road, with its said road; that the defendant has succeeded to the rights and is subject to the liabilities of the Buffalo, P. & W. R. Co., and that neither the last named company nor the defendant has caused the said public road to be reconstructed as required by law.

The answer of the defendant as set forth in the 5th paragraph of the return as amended, admits the taking and continuous use of a road located as set forth in the petition, but asserts that it does not know whether said road was a duly ordained and authorized public road, but, to the end and for the purposes of this suit, denies the public character of such road and asks that relator may be compelled to prove the same. [ A denial "for the purposes of this suit" is, we think, not such an unqualified denial of the fact positively asserted

as will put the relator on proof. The defendant admittedly having taken and occupied the road was bound to know by what right it did so, and it is not asking too much to require an admission or unqualified denial of its public character, and in the absence of such denial, we conclude that the road was a public one.] [4]

We are of opinion that the facts set forth in the 5th section of defendant's answer or return, namely, the change in the ownership of the railroad defendant, or the delay of the road commissioners of Glade township to enforce the remedy claimed in this proceeding, cannot avail the defendant. The duty to supply the public road is a continuing duty, and liability for its omission rests upon the defendant by virtue of the rights and liabilities of the Buffalo, P. & W. R. Co.

The relator avers that the last named company constructed its railroad upon a public road aggregating some four miles in length; that defendant continued to occupy such railroad and that neither company has complied with the law requiring the reconstruction of the public road, etc. [The defendant in its return does not even in general terms aver a compliance with the law requiring a reconstruction of the road taken. It does, however, aver that the Buffalo, P. & W. R. Co., "forthwith and with the knowledge of the commissioners and proper road authorities of said Glade township, did cause the said road to be reconstructed on the most favorable location, and in as proper a manner as the original road, without objection by said commissioners and road authorities."

Under the admitted facts the public are entitled to demand a good right and title to the easement in the substituted or reconstructed road, and the return ought to aver the existence, of such facts, or the compliance by the railroad with such conditions precedent, as are necessary under the law to make such title. Such facts are not stated in this return. It does not even aver a compliance with the law, unless it be inferentially from the statement that the road taken was caused to be reconstructed in the most favorable location and in as perfect a manner as the original road, with the knowledge and without objection by the road authorities. But this may all be true, and still the railroad company may have been a trespasser on the land taken for the reconstructed road, and citizens using

the same may for all that appears, be trespassers on the land of private owners. Should the relator traverse this part of the return, and a verdict and judgment in favor of the defendant thereon follow, it would not settle the right. It cannot be claimed that the road authorities of Glade township, by their knowledge of the action of the railroad, or by their failure to object to the road as reconstructed, or even by their express agreement, could release the railroad from its duty to the traveling public.] [5]

For the reasons stated we sustain the several pleas and demurrers of the relator and enter judgment thereon in favor of the plaintiff, and award a writ of mandamus against the defendant; the enforcement thereof as respects the receiver and the assets of the company defendant in his hands to be only through the orders of the circuit court of the United States for the Western District of Pennsylvania.

The defendant, having excepted to the foregoing judgment and order of the court, thereupon took this writ, specifying that the court erred:

1. In entering judgment against the defendant on the demurrer and pleas of the relator to the return or answer filed in behalf of defendant.

2, 3. In overruling those parts of the answer set forth in the 5th paragraph of the return embraced in [ ] [2] [3]

4, 5. In those parts of the opinion embraced in[ ] [4] [5]

*Mr. James D. Hancock* (with him *Mr. W. G. Trunkey*), for the plaintiff in error:

1. The averment by the defendant that it did not know whether the road in question "was a duly ordained and authorized public road," and "for the purposes of this suit denies, and asks that the relator may be compelled to prove the same," was sufficient to put the relator to proof of the public character of the road. It has never been the practice in pleadings at length, either at law or in equity, to require an absolute or unqualified denial of a fact asserted, without regard to the knowledge of the party answering. An answer as to matters to which the defendant is not alleged to be privy, that they may be true for anything he knows to the contrary, but that he is a stranger to and cannot form belief respecting them, is sufficient: Stetson

v. Peters, 16 Leg. Int. 147; Morris v. Parker, 3 Johns. Ch. 297.

2. It will be observed that in the plainest and most direct terms, and in the very words of § 13, act of February 19, 1849, P. L. 85, it is averred further, that the Buffalo, P. & W. R. Co., from which defendant derived title, did reconstruct said road as prescribed by law. Was not the averment responsive to the petition? Why should the defendant set forth its title to the public road, when the very essence of its being a public road was, that the defendant had complied with the law in procuring a right of way therefor? The certainty required is said to be certainty to a certain intent in general, which means that which upon a fair and reasonable construction may be called certain, without recurring to possible facts which do not appear: Commonwealth v. Commissioners, 32 Pa. 224.

*Mr. H. H. Goucher* (with him *Mr. J. H. Donley*), for the defendant in error:

1. The first pleading on the part of the defendant is the return; and the return is to be made to the alternative writ, and not to the suggestion or petition: Keasy v. Bricker, 60 Pa. 9. If the return be insufficient, the proper mode of proceeding under the act 1836, is to demur to it: Commonwealth v. Commissioners, 32 Pa. 218. "At this day," says Tapping on Mandamus, 354–355, "the certainty required (in a return) is said to be certainty to a certain intent in general, which means that which upon a fair and reasonable construction may be called certain, without recurring to facts which do not appear. And every return must be direct and be stated in the most unequivocal manner—not inferentially or argumentatively, but with certainty and plainness." And, "It is never to be forgotten that the respondents are bound to return plain and direct answers to the allegations of the writ, and in this light every part of the return is to be judged:" Woodward, J., in Commonwealth v. Commissioners, 37 Pa. 245. Now, what is there in those portions of the fifth paragraph of the return assigned for error, or indeed, for that matter, in the whole of it taken together, that presents a positive, distinct, unequivocal denial of the averments set out in the writ, which by a traverse thereof would raise a definite issue of fact?

2. The proviso of §13, of the act of 1849, makes compensation, or security therefor, a condition precedent to the right of a railroad to take lands for a substituted highway. The compensation must be first paid or secured, otherwise the taking is tortious and the party so taking is a trespasser: Section 8, article XVI., constitution of 1874; McClinton v. Railway Co., 66 Pa. 404; Dimmick v. Brodhead, 75 Pa. 464; Yost's Report, 17 Pa. 524; Jarden v. Railroad Co., 3 Wh. 502. The defendant has neither complied nor averred a compliance with the conditions thus required, upon which its right to locate or construct a substituted road depends; and, unless it has done so, it has acquired no right of way for a substituted road, and consequently could give none to the township or the public. Where a matter to be performed is a condition precedent, the performance of that matter must be shown; a substituted performance is not sufficient, and performance ought to be shown with such certainty that the court may judge whether the intent has been fulfilled: 1 Chitty Pl. 323*, 325*, 327*; Thomas v. Van Ness, 4 Wend. 453; Wright v. Tuttle, 4 Day 313.

3. The company is invested with a discretion as to the location and manner of construction of the substituted road, and hence the obligation resting upon it is a continuing duty; and the obligation rests upon grantees, assignees, or lessees of the company, or any person or corporation into whose hands or possession the road passes, whether by contract or operation of law: 2 Wood's Railway Law, 975–985; 1 Redfield, Law of Railways, 646; In re Grape St., 103 Pa. 121. Mandamus is the proper remedy to compel a performance of this duty: Pittsb. etc. R. Co. v. Commonwealth, 104 Pa. 583; Kaine v. Commonwealth, 101 Pa. 490; Commonwealth v. Pittsburgh, 34 Pa. 496; 1 Redfield, Law of Railways, 623; Commonwealth v. Sheehan, 81* Pa. 132; Commonwealth v. Pittsburgh, 34 Pa. 496; Easton v. Lehigh Water Co., 97 Pa. 560. The statute imposes no duty upon the road commissioners; it is exclusively upon the railroad company: Snow v. Deerfield Tp., 78 Pa. 181; Penn. R. Co. v. Irwin, 85 Pa. 336. The road commissioners had nothing to object to, and it is quite unimportant whether they objected or not.

4. A return must state facts and not conclusions of law; must not aver material facts by recital, but must positively and

expressly assert, deny or answer, all facts in their full extent, the assertion, denial or avoidance of which may be necessary for justification or defence. The writ is not to be answered by a frivolous, evasive and uncertain return; nor can it be answered by any legal inference of a defence from facts not stated: Angell &˙Ames, Corp., 9th ed., 727-8; Commonwealth v. Pittsburgh, 34 Pa. 522. A demurrer admits facts that are well pleaded, but not inferences, arguments or conclusions from them: advantage can be taken of duplicity only by demurrer; and where inconsistent reasons for not obeying the mandamus are stated in the return, it must be quashed, for, taken as a whole, it is false: Commonwealth v. Commissioners, 37 Pa. 277; Smith v. Latour, 18 Pa. 243; Commonwealth v. Railroad Co., 53 Pa. 62; Angell & Ames, Corp., 9th ed., 728-9.

OPINION, MR. JUSTICE CLARK:

In the summer of 1881, the Buffalo, Pittsburgh & Western Railroad Company constructed a railroad between Irvineton and Olean, along the banks of the Allegheny river, passing through Glade township, in Warren county. In 1883, that company and several others, existing under the laws of this state and the state of New York, were consolidated into the Buffalo, New York & Philadelphia Railroad Company; which company, having filed a certificate with the secretary of the commonwealth, established an office and designated its agent within this state in compliance with the act of 1874, took possession and control of the railroad mentioned, and on August 9, 1886, and for some time prior to that time, were using, occupying, and operating the same for the general purposes of a railroad.

On August 9, 1886, the commonwealth, upon the relation of the attorney-general, filed a suggestion in the Court of Common Pleas of Warren county setting forth that the Buffalo, Pittsburgh & Western Railroad Company, in the year 1881, had constructed their railroad in and upon a certain public road or highway in Glade township, leading from the town of Warren, along the Allegheny river to the village of Kinzua; that the said company had by excavations, filling and grading so obstructed the said public road as to prevent public travel thereon; that all that portion of the said public road, from a

point at Glade Run to the east line of Glade township, was actually taken and appropriated to the exclusive use of the railroad company; by reason whereof it became the duty of the company, forthwith at their own expense, to reconstruct that portion of the public road, as required at law; and, although the defendant company continued to enjoy its corporate powers and franchises in the maintenance and operation of said railroad, yet neither the Buffalo, Pittsburgh & Western, nor the Buffalo, New York & Philadelphia Railroad Company, had " caused the said public road and highway to be reconstructed on the most favorable location and in as perfect manner as the original road," therefore, praying that a writ of mandamus may issue, etc.

The alternative writ having issued, the defendant made a return, the sufficiency of which is the question now to be considered. That question was raised in the court below, in part by a plea to the jurisdiction, and by demurrer. The jurisdiction of the court, however, cannot be seriously questioned. That branch of the case has not been discussed here, and we will not consider it. The only matter to be determined is raised by the demurrer to the fifth paragraph of the amended return.

It is contended, on part of the commonwealth, that this part of the return is evasive and equivocal; first, that the facts therein set forth do not aver a performance, by the company, of the duty imposed by the statute; that, although it does aver that the company forthwith reconstructed, etc., a road, occupied by them in Glade township, it does not specifically aver that they reconstructed the road in question; and, second, that it does not set forth that the road was reconstructed at the company's expense, upon a right of way lawfully acquired. The learned judge of the court below would appear to have adopted this construction of the return, and it was upon that ground judgment was entered in favor of the commonwealth, and the peremptory writ awarded.

Upon a careful reading of the return, and of the alternative writ, we are unable to accept this view of the case. The suggestion of the commonwealth, as set forth in the alternative writ, is, in substance, that the Buffalo, Pittsburgh & Western Railroad Company, in the construction of their railroad, appro-

priated and occupied a certain public road, particularly describing it, and that neither that company, nor the defendant company, had caused the said road to be reconstructed, etc. In the original return, the defendants, admitting the appropriation of a road adjacent to the Allegheny river, aver that they did cause it to be reconstructed, not stating specifically, however, that the road thus appropriated was the road described in the writ. Subsequently, the defendant company filed their petition, setting forth that this failure of identification occurred through inadvertence merely; that it was their intention to admit, and they did admit, that the company, in the summer of 1881, had appropriated "the road, located as set forth in the plaintiff's petition," and that if their return was capable of being otherwise construed, they prayed for an amendment thereof. The fifth paragraph of the return as amended is in part as follows: "The defendant, further answering, admits that when the Buffalo, Pittsburgh & Western Railroad Company built its railroad through Glade township, in the summer of 1881, it did occupy, and the defendant still continues to occupy, adjacent to the Allegheny river, located as set forth in plaintiff's petition, and did and does occupy no other road— a road, whether a duly ordained and authorized public road, this defendant does not know, and for the purpose of this suit denies, and asks that the relator may be compelled to prove the same."

It is difficult to see how the identity of the road could be more specifically ascertained; the road which the company admits to have appropriated, is stated in the return to be the road "located as set forth in the plaintiff's petition." The defendant was not bound to admit that it was a public road. If the fact was not known to the company there is no law or rule of practice which would oblige the defendants to say that it was or was not.

It must be conceded, also, that the defendant was not obliged to traverse in its return any fact, or to answer for any breach of duty not set out or assigned in the writ. The specific and substantial matter complained of on part of the commonwealth, with respect to this road, is that the defendant did not, nor did the Buffalo, Pittsburgh & Western Railroad "forthwith, nor at any time cause the said public

road and highway to be reconstructed, on the most favorable location, and in as perfect a manner as the original road, so as aforesaid taken and appropriated, and though requested so to do it has altogether neglected and refused, and still neglects and refuses, to reconstruct the same, in the manner aforesaid, as required by the law," etc. To this specific charge, the defendants in their return answer as follows: " The defendant avers, however, that said company, last aforesaid named, forthwith, and with the knowledge of the commissioners and proper road authorities of said Glade township did cause the said road to be reconstructed, on the most favorable location, and in as perfect a manner as the original road, without objection by said commissioners and road authorities." This is a full and direct traverse of all that is set forth in the suggestion, or assigned in the writ. If it be true, as alleged, that the company has in fact reconstructed the road, on ground over which they have no right of way, or if the road has been reconstructed at the expense of the township, or if it has not been reconstructed on the most favorable location, or in as perfect a manner as the original road, or, indeed, if it has not been reconstructed at all, it would have been an easy matter to say so. The commonwealth has made its case upon the specific matters of complaint assigned in the writ; these matters of complaint have been directly denied and traversed in the same form of words in which they were made, and if this does not raise the issue desired, it is certainly not the defendant's fault. We are of opinion that the court erred in entering judgment for the plaintiff on the demurrer, and in awarding the writ of peremptory mandamus.

> The judgment is therefore reversed, the writ of peremptory mandamus set aside and vacated, and the record remitted for further proceedings.