
## Edwards v. City of Scranton et al.

*Wm. P. Farrell* and *Geo. I. Puhak*, for plaintiff.

*Jas. W. McNulty* and *John J. Scott*, for defendants.

HOBAN, J., August 9, 1947.—Petitioner secured a writ of alternative mandamus to compel defendants to restore him to the position of captain in the Bureau of Fire of the City of Scranton, from which it is alleged he was demoted illegally to the grade of fireman, and asking as additional relief the pay differential between the two grades from the time of the alleged illegal demotion. The pleadings consist of the petition for the writ, defendant's return, a demurrer to the return, an amended return, and demurrer to the amended return. These last two pleadings were filed by consent of the parties.

In accordance with the principle that a demurrer admits all facts well pleaded, the following facts appear:

Roland Edwards passed a civil service examination given by the Civil Service Commission of the City of

Scranton and thereafter was appointed to the grade of fireman in the bureau of fire, in said city, on February 1, 1927, and has served continuously from that date as a member of the fire department. His name appears as listed on the roster of employes of the competitive class kept in the files of the civil service commission. From time to time he was advanced in grade, the last grade held being that of captain in the bureau of fire. He retained such position to April 1, 1946. On March 31, 1946, he received a letter from the chief of the bureau of fire notifying him that he was demoted to the grade of fireman, effective April 1, 1946. No charges of any sort were filed against him, nor any reason given for the demotion. The procedure for the removal or dismissal of firemen, as provided in the Act of April 11, 1931, P. L. 38, as amended to include the Act of April 29, 1937, P. L. 544, 53 PS §10801, was not followed.

The amended return challenges the legality of petitioner's original appointment as a fireman in 1927 for the reason that his name was not properly certified by the civil service commission to the director of public safety, nor did the director of public safety require such certification prior to appointment. Paragraph 14 of the return as amended likewise challenges the legality of his appointment to the grade of captain, for lack of proper certification in accordance with the rules of the civil service commission. The denials as made would be sufficient to set up issues as to the legality of the original appointment and the appointment to the grade of captain and thus force petitioner to proof of his title to the job. See Buffalo, etc. Co. v. Commonwealth, 120 Pa. 537, as to the effect of a categorical denial in the return to a writ of alternative mandamus, and see Detoro v. Pittston et al., 334 Pa. 254, as to the burden of proof resting on petitioner to prove his title to a civil service position.

Petitioner, however, asserts that defendants are estopped from offering such defense by reason of sec-

tion 4 of the Act of June 3, 1943, P. L. 826, 53 PS § 10774. This section reads as follows:

"On and after the date of passage hereof, municipal employes of the cities of the second class A listed in the competitive and noncompetitive classes on the roster of the civil service commission and *having served their probationary period shall be considered as having the status of civil service employes.*" (Italics supplied.)

If section 4 of the Act of 1943 is valid, it is obvious that the return cannot set up an issue as to the legality of the original appointment of petitioner. Defendants argue that if as a matter of fact the initial appointment was invalid for failure to comply with all the requirements of the civil service laws and the regulations of the civil service commission, his three months' service immediately after his appointment cannot be considered the period of probation as required by section 8 of the Civil Service Act of May 23, 1907, P. L. 206, 53 PS §9370. But we think this position amounts to no more than a quibble, for to hold otherwise would be to defeat the clear intent of the act, which obviously was intended to stabilize the civil service status of employes who were carried on the appropriate rosters of the civil service commission and who had completed their three months' initial service after appointment regardless of technical or even material defects in their methods of appointment. For presuming, as we must, that the civil service commission acted in good faith with reference to the initial appointment, the three months' probationary period was clearly a time within which the public officials concerned could have discharged the appointee without the formality of trial. See Commonwealth ex rel. Lisk v. Davis et al., 126 Pa. Superior Ct. 136.

Defendants, however, assert that section 4 of the Act of 1943 is unconstitutional, because it violates section 3, art. III, of the Constitution of Pennsylvania for defective title and duplicity of subject matter, and

violates section 6 of article III of the Constitution of Pennsylvania because it is in reality an amendatory act and not a supplement, as its title indicates, and if an amendment, it is defective in form for failure to reënact and publish at length the statute as amended, as required by section 6 of article III, as aforesaid. Further, that the Act of 1943 is a violation of section 7 of article III of the Constitution of Pennsylvania because it confers special privileges and immunities on a particular class, to wit, municipal employes, by discrimination in favor of the employes and against the head of the department concerned in the matter of selection of trial boards who will pass on charges against such employes.

We will dispose of the last contention first. The Act of 1943 purports to set up a complete system of trial procedure before any regularly appointed employe in the competitive or noncompetitive class of the classified civil service may be removed, discharged or dismissed. But the paragraphs of the act which set up the system have nothing to do with the removal or punishment of firemen or policemen, which classes of employes are specifically saved from the operation of the trial provisions of the act by paragraph 5 thereof. Even if sections 1, 2 and 3 of the Act of 1943 should be unconstitutional, section 4 of the Act may have its constitutionality tested on its own merit. Section 4 is not so essentially and inseparably connected with sections 1, 2 and 3 as to be dependent upon their provisions, even if void, and if it stood alone, it would be capable of being executed in accordance with the legislative intent: Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 55, 46 PS §555. The procedure for the dismissal or reduction of firemen is governed, as noted above, by a separate statute, and trial procedure provided in the Act of 1943 refers only to remaining classes of civil service employes who heretofore could

be dismissed on a statement of reasons only, without trial procedure.

This court has in two cases considered the question of the constitutionality of the Act of 1943, under section 3, art. III, of the Pennsylvania Constitution. See Davis v. City of Scranton et al., 59 D. & C. 383; Hughes v. City of Scranton et al., opinion by Leach, P. J., December 30, 1946, at no. 407, September term, 1946.

The title of the Act of 1943 is as follows:

"A Supplement to the act, approved the twenty-third day of May, one thousand nine hundred seven (Pamphlet Laws, two hundred six), entitled 'An act to regulate and improve the civil service of the cities of the second class in the Commonwealth of Pennsylvania; making violations of its provisions to be misdemeanors, and providing penalties for violations thereof,' providing for and regulating dismissal of certain employes · under civil service in cities of the second class A; and authorizing fines and suspensions of them."

In Davis v. City of Scranton, supra, we stated as follows (p. 389):

"The constitutionality of the Act is challenged by defendant as contrary to Article III, sec. 3, of the Constitution of Pennsylvania for defective notice in its title. The title of the Act of 1943 designates it as a Supplement to the Civil Service Act of 1907, supra. The title of the Act of 1907 is repeated in the title to the Act of 1943 and contains this opening phrase: 'An Act to regulate and improve the civil service of the cities of the second-class in the Commonwealth of Pennsylvania . . .,' and the purpose of the supplement is stated in the title to the Act of 1943 as follows: 'Providing for and regulating dismissal of certain employes under civil service in cities of the second-class A . . .'

"Section 4 of the act certainly is an effort to regulate the dismissal of employes, except in conformity with the requirements of the Civil Service Act, and a person

of a reasonably inquiring state of mind reading the title of the Act, it seems to us, would have notice of its subject-matter. While, as pointed out above, we think it is unnecessary to decide this question, under the principles expressed in Gumbert's Estate, 343 Pa. 405, sufficient notice is given in the title of the subject-matter of the Act and it cannot be considered unconstitutional as a violation of article III, sec. 3."

The same language was repeated and reaffirmed in Hughes v. City of Scranton, supra. To the above language we need only to add that the title to an act does not need to be an index to its provisions: Orlosky v. Haskell, 304 Pa. 57.

So far as the question of sufficiency of notice in the title of the act is concerned, we now hold specifically that section 4 of the act is in conformity with section 3, art. III, of the Constitution. So far as the question of duplicity is concerned, the act is a supplement to a complete system or code provided for the organization and administration of a civil service system for cities of the second class, and this act, like the Civil Service Act of May 23, 1907, P. L. 206, contains many subjects of legislation differing from each other but all relating to the main purpose. The mere fact that section 4 is not inherently related or even necessary to the operation of the provisions of sections 1, 2 and 3, does not make the Act of 1943 void for duality of purpose.

The Act of 1943 is a supplement to the Civil Service Act rather than an amendment and hence is not in violation of section 6 of article III of the Constitution. It adds to and provides a complete new system of trial and dismissal procedure for a group of civil service employes who had not been covered by such procedure in the basic act. Essentially an amendment is a change or modification in existing legislation, and a supplement is an addition intended to cover circumstances or situations not provided for in the basic act. Policemen and firemen had provided for them under separate legis-

lation a system of trial procedure which is specifically reserved to them by section 20 of the Act of 1907, supra, and section 5 of the Act of 1943, supra, but other civil service employes had no such protection, dismissal being accomplished merely by action of a superior, and the only thing the employe was entitled to was a statement of reasons. Now a complete system is provided, adding to the present legislation detailed procedure for proving these reasons. Section 4 is likewise an addition to the basic legislation rather than a change. It provides a protection against summary removal, without charges, of employes who were presumptively bona fide members of the civil service and who had served their initial period in a probationary status. The civil service system is a creation of the legislature. The legislature may change, abrogate or repeal the system in whole or in part if it so desires, and likewise it may make any additions to the system which in its judgment will make it a better instrument. The legislature in this instance has seen fit by section 4 of the Act of 1943 to add something to the basic law which it conceives to be necessary at this time to make it a better instrument.

We, therefore, conclude that section 4 of the Act of 1943 is not unconstitutional as violating the provisions of sections 3, 6 or 7 of article III of the Constitution. In reaching this conclusion we have applied the principle that all presumptions are in favor of the constitutionality of acts and courts are not to be astute in finding or sustaining objections to them. He who asks to have a law declared unconstitutional takes upon himself the burden of proving beyond all doubt that it is so: Hadley's Case, 336 Pa. 100.

It is clear, therefore, that under the provisions of section 4 of the Act of 1943 defendants are estopped from challenging the validity of the initial appointment of petitioner to the bureau of fire. Are defendants likewise estopped from challenging the validity of peti-

tioner's promotion to the grade of captain? Although it does not appear by the pleadings, we are assured that this petitioner occupied the position of captain prior to June 3, 1943, the effective date of the act. The language of the section states that the listed employes "shall be considered as having the status of Civil Service employes." Petitioner is still an employe, whether or not he occupies any one of several different grades in the classified service, but under our rules of statutory construction we are required to give a liberal interpretation to the act. The section is clearly remedial in nature, since it is clearly designed to remedy preëxisting defects in the appointment of persons occupying civil service positions on the effective date of the act. Even in the absence of the rule pursued in our Statutory Construction Act, remedial statutes were liberally construed, and the Statutory Construction Act itself provides: "All other provisions of a law shall be liberally construed to effect their objects and to promote justice": Statutory Construction Act, sec. 58, 46 PS §558, and see Note (b) to 46 PS §558.

Demotion from a position is equivalent to removal or dismissal from that position, and since the purpose of the act, as stated by its title, is to regulate dismissals, it must be held to include within such regulations removal from a position of higher grade by demotion to another grade. We conclude, therefore, that section 4 of the Act of 1943 applies clearly to those occupying positions within the classified civil service which they have reached by promotion and is effective to stabilize individuals in such positions occupied by them on the effective date of the act in spite of irregularities in their appointments or promotions to such positions. It follows, therefore, that by virtue of the provisions of section 4 of the Act of 1943, defendants are likewise estopped from challenging the irregularity of the appointment of petitioner to the grade of captain in the bureau of fire.

If petitioner is to be legally removed from the position held by him in the bureau of fire on June 3, 1943, such removal must be accomplished in conformity with the provisions of the Act of April 11, 1931, P. L. 38, as amended, 53 PS §10801. If the demotion of petitioner in this instance was not accomplished in conformity with such procedure, it is illegal and he is now entitled to be restored to his position as captain in the bureau of fire and to be paid the differential in pay between the grade to which he was demoted and the grade of captain for the period that he was illegally deprived of that position.

Now, August 9, 1947, the demurrer to the return and amended return filed by defendants is sustained. Let the peremptory writ issue as prayed for.