# Holmes, Appellant, *v.* Union Traction Company.

*Negligence — Contributory negligence — Release—Charge—Trial—Practice, C. P.*

Where there is a good and controlling reason for directing a verdict for the defendant, it cannot be disturbed because the court may have relied upon the wrong reason, and overlooked the right one.

In an action to recover damages for personal injuries where it is alleged by the defendant both that the plaintiff was guilty of contributory negligence and that she had executed a release of damages, a verdict for defendant under binding instructions of the court will not be disturbed, where the evidence is clear that plaintiff was guilty of contributory negligence, although the court could not have correctly held that the paper purporting to be a release bound her.

In an action to recover damages for personal injuries, binding instructions for the defendant are proper, where it appears that plaintiff about eleven o'clock in the morning of a rainy day started to cross a street on which the defendant company operated two tracks, and having twice seen the car which she desired to take on the far track, the view of which was unobstructed, went ahead with her umbrella so held that she could make no further observation of it, and was struck by the car when she was about in the middle of the track.

Argued March 25, 1901. Appeal, No. 256, Jan. T., 1900, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1899, No. 237, on verdict for defendant in case of Sidney Holmes v. Union Traction Company. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before McMICHAEL, J.

At the trial it appeared that on October 30, 1899, about eleven o'clock in the morning, plaintiff started to cross Girard avenue in Philadelphia on which the defendant company operated two tracks of railway, in order to take a car on the far track. Although the day was rainy, the view of the tracks was not obstructed. She twice saw the car which she expected to take. She stated that when she looked last the car was about half a square off; she continued: "Then I started on, and I had an umbrella, and it was very windy and raining, and I did not hear anything until I was knocked over. Q. Where were you when you were struck? A. I was about the middle of the last track."

Defendant set up as a defense a release of damages executed by the defendant with her mark. The plaintiff testified that this paper was presented to her at the hospital when she was suffering great pain; that it was not read to her; that the agent of the defendant lifted her left hand and touched the index finger to the pen; that this was not her voluntary act, but represented the physical force of the agent: that she did not know that she was signing anything, and that she did not know that money had been left near the table at her bed.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*James Gay Gordon*, with him *W. J. Yorke* and *Harry A. Mackey*, for appellant, cited on the question of contributory negligence: McGovern v. Union Traction Co., 192 Pa. 344; Muckinhaupt v. Erie R. R. Co., 196 Pa. 213; Manayunk & Roxborough Boarding & Livery Stable Co. v. Union Traction Co., 7 Pa. Superior Ct. 104; Davidson v. Schuylkill Traction Co., 4 Pa. Superior Ct. 86; Callahan v. Phila. Traction Co., 184 Pa. 425; West Phila. Pass. Ry. Co. v. Mulhair, 6 W. N. C. 509; Conyngham v. Erie Electric Motor Co., 15 Pa. Superior Ct. 573.

*Thomas Leaming*, with him *Dallas Sanders*, for appellee, cited on the question of contributory negligence: Watkins v. Union Traction Co., 194 Pa. 564; Hess v. Williamsport, etc., R. R. Co., 181 Pa. 492; Flanagan v. Phila., Wilmington & Baltimore R. R. Co., 181 Pa. 237; Baker v. Penna. R. R. Co., 182 Pa. 336; Blaney v. Electric Traction Co., 184 Pa. 524; Nugent v. Philadelphia Traction Co., 181 Pa. 160; Warner v. Peoples' Street Ry. Co., 141 Pa. 615; Buzby v. Phila. Traction Co., 126 Pa. 559.

OPINION BY MR. JUSTICE BROWN, April 22, 1901:

This case was properly taken from the jury, and we must assume, in the absence of any reason given by the learned trial judge, that it was for the right one that the appellant's carelessness and negligence stood in the way of her right to recover, and not for the wrong one that, by her alleged release, she had discharged the company from all liability to her. At any rate, the judgment is what it ought to be, and, as there was a good and controlling reason for directing the verdict for the defendant, it cannot be disturbed because the court may have relied upon the wrong one and overlooked the right one. The evidence of the defendant's negligence was slight, but sufficient to go to the jury; the court could not have correctly held that the paper purporting to be the release of the plaintiff bound her, for it could have been fairly found as a fact that it was not her act for the purpose appearing on its face; and, but for her negligence in contributing to her injuries, which is so plain that we must so pronounce it, she might recover. As it is, she cannot. The assignment that the court erred in instructing the jury to find a verdict for the defendant, is overruled, and the judgment is affirmed.