## Winch, Appellant, *v.* City of Philadelphia.

*Municipal corporations—Firemen—Discharge—Reinstatement—Back wages.*

A city fireman who was discharged from service after he was found guilty, by the firemen's court, of certain charges preferred against him is not entitled to recover back pay from the city after he has been reinstated by a subsequent court, which reheard the charges upon which he had been found guilty by the previous court, where no appeal was ever taken from the action of the first court, since the effect of his discharge was to dissolve and terminate all relations between the city and him in the matter of employment and a subsequent reëmployment constituted a new contract creating new duties having no relation to the former contract.

Argued Jan. 21, 1919. Appeal, No. 136, Jan. T., 1919, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., Dec. T., 1917, No. 3447, directing a verdict for defendant in case of Carl Winch v. City of Philadelphia. Before STEWART, MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Assumpsit to recover salary alleged to be due. Before DAVIS, J.

The court gave binding instructions for defendant.

The court overruled plaintiff's motion for a new trial and for judgment non obstante veredicto. Plaintiff appealed.

*Errors assigned* were answers to requests for instructions and refusal of plaintiff's motion for judgment n. o. v.

*Joseph M. Smith,* for appellant.

*D. J. Callaghan,* Assistant City Solicitor, with him *John P. Connelly,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE STEWART, February 17, 1919:
The plaintiff was an employee in the fire department of the City of Philadelphia, having been appointed to the

position of fireman in November, 1911. In May, 1913, certain charges having been preferred against him he was tried by the firemen's court of trial, was found guilty, and was thereupon discharged from the service. No appeal was ever taken from the action of the court of trials and the plaintiff thereupon ceased to have further connection with the department. A subsequent court, whether composed of the same or different triers does not appear, was convened in May, 1916, and proceeded to rehear the charges of which plaintiff had been found guilty by the previous court, and reinstated him in his former position. What the considerations were that led the earlier court to pronounce him guilty and discharge him from the service, or what the considerations were that led the later court to reinstate him are not matters for inquiry here. The conclusions of the later court, or the fact that plaintiff was reinstated three years after his discharge, can have no bearing upon the single question presented on the record. The plaintiff brought his action against the city to recover salary that would have accrued between the date of his discharge and the time of his restoration had he remained in service. On the trial the defendant introduced in evidence a paper executed by the defendant on April 17th, the day on which the later court restored him to his place, which reads as follows: "In the event of my reinstatement as a hoseman of the Bureau of Fire I hereby waive any and all claims that I may have for back pay, and hereby release and discharge the City of Philadelphia from payment of the same. Signed, Carl Winch." At the conclusion of the hearing the trial judge directed a verdict in favor of defendant. This was followed by a motion for a new trial which was dismissed and a motion for judgment n. o. v. which was overruled.

The ground taken in support of the appeal is that the written release signed by the plaintiff of all claims for back pay is against public policy and there-

fore void. The answer given by the court in its opinion filed refusing plaintiff's motion is, "We cannot agree that this case comes within the cases cited in which it has been held that agreements calculated to impede the regular administration of justice are void as against public policy." This raises a question which, though decided in the way for which plaintiff contends, would not have availed him anything, seeing that there was quite sufficient in the case without it to warrant binding instructions for the defendant. Binding instructions, entered for good reasons, will not be disturbed because the court relied upon wrong reasons: Holmes v. Traction Company, 199 Pa. 229. Here there was no cause of action. The plaintiff was not temporarily suspended from exercising his office or place, but was finally discharged from the city's employment. This much is not questioned. The effect was to dissolve and terminate all relations between the city and him in the matter of the employment in which he had served. A subsequent reëmployment of the plaintiff in the same service would be a new contract creating new duties and obligations having no relation whatever to the former contract. The legality of the discharge and the proceedings which led up to it were never challenged. Whether the release executed by the defendant was valid, is a question aside from the case, and we do not feel called upon to discuss it.

The judgment is affirmed.