Bolay *v.* City of Philadelphia, Appellant.

Argued April 23, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*H. Eugene Heine,* Assistant City Solicitor, and *Augustus Trask Ashton,* City Solicitor, for appellant.

*Michael J. McEnery,* for appellee.

Opinion by Baldrige, J., July 8, 1931:

On November 1, 1928, the plaintiff, a patrolman in the city of Philadelphia, was suspended by the Director of Public Safety for conduct unbecoming an officer in that "he had been arrested on the charge of bribery, extortion and conspiracy in connection with a lottery game" and was held in $2500 bail for court. The plaintiff received a copy of the charges preferred against him on November 20, 1928, and he was notified to appear for hearing before the Civil Service Commission on November 23, 1928. Although plaintiff, under his testimony, was ready for trial, the case was continued and subsequent postponements were had until, finally, on May 16th and 21st, the testimony was taken. The commission, on June 19, 1929, determined

the plaintiff to be "not guilty" and directed him to be restored to duty as of June 19, 1929, and that his wages be paid during suspension. No action was taken by the Department of Public Safety under this order until September 1, 1929, when the plaintiff was restored to duty as of June 20, 1929, and his wages were directed to be paid from that date to September 1, 1929, and for the thirty days covering the time of his suspension, totalling 106 days, and amounting to $583. This sum was tendered to the plaintiff, but he refused to accept it, claiming that he was entitled to receive pay from the date of his original suspension until the date he was restored to active duty, covering a period of 305 days, amounting to $1677; hence this suit. The case was tried by a judge without a jury and a verdict rendered for plaintiff in the sum of $1,801.10.

The assignments of error relate to the power of the Civil Service Commission under the Charter Act of June 25, 1919, P. L. 581, to direct the payment of wages to a suspended patrolman after a postponement of the hearing for more than thirty days, when the patrolman had not reported for duty and had signed a waiver of pay during suspension. Paragraphs 1 and 4 of Article XIX, Section 18, of the Act of 1919, supra, provide that where charges are preferred against a police officer, all such charges are to be heard, investigated and determined by the Civil Service Commission within thirty days after the charges are filed, that such officer may be suspended by his superior officer for a reasonable period, not exceeding thirty days, pending hearing. Such suspension is to be without pay, but the commission, if it reinstates the officer, shall have power to restore pay to him.

If the duty of having a hearing or investigation and determination, as clearly provided, is not discharged by the commission, what is the status of the patrolman

against whom the charges were made? It is very apparent that the patrolman was not to be discharged from duty without the preliminaries required by law. The defendant evidently recognized that Bolay's official connection with the city was not severed as his name continued on the role of police officers. He was a suspended officer, not seeking or performing other work, but awaiting orders. In these circumstances, was it incumbent upon him to report for duty in order to receive his pay and if so, should he have reported daily? We think it would be an unjust imposition to deprive an employe of his wages for failure to report, with an order of suspension which both he and the city considered in effect. It would seem to be unreasonable to expect an officer to know that the agency of the city had exceeded its authority. If the defendant desired his services, it should have summoned him to report. Under the plaintiff's testimony, he held himself ready at all times to discharge his duties, but owing to his suspension he did not report to his superior officer. The court below held that to do so would have been a vain thing until the charges were disposed of, and we are inclined to that view. While he was under suspension, he was under no obligation to report unless so ordered. If we assume the plaintiff was derelict in discharging a duty, the law's provisions for notice, etc., relative to that particular offense, were not invoked.

The plaintiff signed a paper, dated November 23, 1928, referred to as a waiver, which was a request to the commission to postpone the hearing and decision for the reason "case pending in court" and at the same time he waived the provisions of Section 18, Article XIX, of the Act of 1919, and Rule XIV of the Civil Service Commission, and the right to receive his pay as patrolman between November 1, 1928, and the date of disposition of his case by the commission.

Bolay testified, without exception, that when he was waiting for trial, either Kreider, a member of the commission, or Hazlett, secretary of the commission, said, "These waivers signed by you men, if you are found not guilty and restored to duty, will have absolutely no bearing on your case of your money." Hazlett, when called to the stand, did not deny that these representations were made but stated that when a man is suspended, pending a charge involving a criminal offense, he is almost invariably permitted to sign a waiver and that "there have been cases where the men have been ordered restored to duty with pay from the date of their suspension to the date of their restoration." Commissioner Kreider was not called as a witness and, therefore, did not deny that such representations were made. In view of the ambiguity of the waiver, this testimony was properly considered in determing the intention of the parties. The waiver was, in our view, for the benefit of the commission; it was an effort to relieve it from the duty of having the hearing and investigation and in reaching a decision within the statutory period. It provided, specifically, "I do hereby waive the provisions of Section 18 of Article XIX of the Act of June 25, 1919, and of Rule XIV of the Civil Service Commission, providing that no trial shall be delayed for more than thirty days after the charge is made." If the decision was not reached within the thirty days, the alleged offender continued to be a patrolman and he was entitled to his wages from the expiration of the thirty days. The purpose of the waiver, insofar as the payment of plaintiff's wages is concerned, was, that if an adverse decision was reached subsequent to the thirty-day period, the city would be released from payment of any amount due Bolay after the expiration of that time. The parties apparently did not contemplate, that if the

suspension proved to be unjustified and he was reinstated, the city should be relieved of liability for his wages. Otherwise, he would be visited with a penalty after he was found not guilty of the offenses charged.

We find no merit in the assignment of error. Judgment is affirmed.