Egan *v.* City of Philadelphia, Appellant.

Argued December 15, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Thomas B. K. Ringe,* and with him *Ernest Lowengrund,* Assistant City Solicitors, and *David J. Smyth,* City Solicitor, for appellant.

*Martin Feldman,* for appellee.

OPINION BY CUNNINGHAM, J., April 23, 1934:

The questions involved upon this appeal may be thus stated: (1) Has the director of the department of public safety of the City of Philadelphia, appellant herein, any power to suspend a patrolman employed in the bureau of police, except as a preliminary step to filing written charges with the civil service commission as a basis for his removal or discharge, and (2) Even if the director, acting independently of the civil service commission, has inherent power to suspend a patrolman for just cause, may he lawfully suspend him for more than thirty days?

The disposition of these propositions must be determined by the application to the facts here present of the provisions of the Act of June 25, 1919, P. L. 581 entitled "An act for the better government of cities of the first class of this commonwealth."

Counsel for the city contend the director has independent and general power to punish a subordinate by suspending him for any "reasonable period" and that the limitation of thirty days, found in the fourth paragraph of Section 18 of Article XIX of the act (P. L. 620), applies only to suspensions preliminary to charging him before the civil service commission with offenses which, in the opinion of his superior officer, justify his discharge. On the other hand, counsel for Joseph D. Egan, the patrolman who was plaintiff below and is the appellee herein, argue that the whole power to suspend is an incident of, and limited to, proceedings for removal or discharge, and that the director has no independent or general authority to suspend for any period of time.

The facts are undisputed. Egan had been a patrolman since June 3, 1920. The director of public safety suspended him from March 1 to March 22, 1931. He was again suspended from April 10 to December 31, 1931, upon which latter date he was honorably discharged because of a curtailment in the personnel of the department of public safety. No written charges were filed by the director, or any other person, with the civil service commission and Egan was not given a hearing before that body, nor did he ever request the commission to investigate either suspension, both of which were without pay.

Having engaged in no other occupation, and contending that both suspensions were illegal because no charges against him were filed with the civil service commission, Egan brought suit to recover his pay at the rate of $6 per day for the two hundred and eighty-six days included in both suspensions, or the sum of $1,716, with interest.

The case was tried by GLASS, J., sitting without a jury, who held, (a) that the first suspension of twenty-one days was authorized by the statute and no recovery could be had for that period, but, (b) that the second suspension of two hundred and sixty-five days was illegal. The court below, accordingly, found for the plaintiff in the sum of $1,590, with interest; from the judgment entered upon this finding the city has appealed.

It was not alleged in plaintiff's statement, nor was it contended at the trial, that either suspension was without just cause; we therefore assume for the purposes of this appeal that each was in accordance with the then existing rules and regulations of the department.

Recent appellate decisions, construing the statute here involved, have held that the director of public safety has authority, independent of the civil service

commission, to demote a patrolman (McCoach v. Philadelphia, 273 Pa. 317, 117 A. 71); to impose a reasonable fine upon him, (Witkin v. City of Philadelphia, 110 Pa. Superior Ct. 489, 168 A. 491); and to both fine and demote, for just cause, (Osterheldt v. City of Philadelphia, 113 Pa. Superior Ct. 8, 171 A. 100). These decisions were based upon the proposition that the director has authority to do whatever may be reasonably necessary to maintain discipline in the bureau of police unless restrained by the statute. Accordingly, it was held that as the statute specifically prescribed the method by which a police officer could be removed or discharged—namely, by proceedings before the civil service commission—the director could not discharge him without filing written charges against him with the commission and receiving its authorization for his removal.

The statute also contains specific references to suspensions and this case involves a construction of those provisions. Article XIX relates to the civil service. The first section thereof (P. L. 613) provides: "From and after the effective date of this article, all appointments, transfers, reinstatements, promotions, reductions, *suspensions,* removals, and dismissals, in the civil service of such city, shall be made in accordance with the terms and provisions of this article and the rules prescribed thereunder."

Other pertinent clauses are as follows:

"Section 16, (P. L. 619). No person in the classified service, or seeking admission thereto, shall be appointed, promoted, suspended, reduced, or removed, or in any way favored or discriminated against, because of his political or religious opinions or affiliations. No inquiry in any application, examination, or investigation shall relate to the religious or political affiliations of any person.

"Section 18, (P. L. 620). No officer, clerk, or em-

ploye in the classified civil service of such city shall be removed, discharged, or reduced in pay or position, except for just cause, which shall not be religious or political. Further, no such officer, clerk, or employe shall be removed, discharged, or reduced, except during the probationary period, until he shall have been furnished with a written statement of the reasons for such action and been allowed to give the removing officer such written answer as the person sought to be removed may desire. In every case of such removal or reduction, a copy of the statement of the reasons therefor and of the written answer thereto shall be furnished to the civil service commission, and entered upon its public records.

"No police officer or fireman, except those dismissed during probationary period, shall be removed or discharged, except for cause, upon written charges, and after an opportunity to be heard in his own defense. Such charges may be filed by any superior officer or by any citizen or tax-payer, and shall, within thirty days after filing, be heard, investigated, and determined by the commission or by one of the commissioners or by some person or board appointed by the commission to hear, investigate, and determine the same. Where one person is appointed by the commission to hear such charges, he shall be a person learned in the law. Where a board is appointed to hear such charges, at least one member of such board shall be learned in the law. The hearing shall be public, and the accused and his counsel shall have the right to be heard.

"The finding and decision of the commission or commissioner or of such person or board, when approved by the commission, shall be certified to the appointing authority, and shall be forthwith enforced by such authority.

"Nothing herein contained shall limit the power of

any superior officer to suspend a subordinate for a reasonable period, not exceeding thirty days, pending hearing and decision. Every such suspension shall be without pay: Provided, however, that the commission shall have authority to investigate every such suspension, and, in case of its disapproval, it shall have power to restore pay to the employe so suspended.''

Under the general scope and purpose of the statute, suspension of a subordinate by his superior officer seems to be a recognized and inherent power. Hence, the provision in the fourth paragraph of section 18 that nothing contained in the section ''shall limit the power of any superior officer to suspend a subordinate for a reasonable period.'' We think this paragraph is not confined in its application, as is the second, to police officers and firemen; it applies, as does the first, to all superiors and subordinates in the classified civil service. We do not agree with the court below that the phrase ''pending hearing and decision'' relates only to hearings before the commission; it is equally applicable to hearings before the police board of investigation, referred to in the Witkin and Osterheldt cases, supra, and to any other hearings provided for by the rules and regulations of any department. Under section 3 of Article III, the several departments are authorized to make rules and regulations, ''not inconsistent with any law or ordinance or with the provisions'' of the statute.

Moreover, it seems obvious, under the statute, that a patrolman may be suspended for any one of three different purposes; (a) as the preliminary step toward securing his removal by the commission upon charges filed with it; (b) as the beginning of a proceeding before the police board of investigation looking toward the imposition of a fine or the making of an order of demotion, or both, as in the Osterheldt case,

supra; or (c) as the sole punishment for some infraction of a rule or regulation.

We conclude, therefore, that the power of the director to suspend a patrolman is not limited to those cases in which the director seeks to have him discharged after a trial before the commission, but may be exercised, for just cause, when the purpose of the director is to punish him by a fine, demotion or merely loss of pay.

In declining to adopt the contention in behalf of Egan that the director's power to suspend is limited to cases he proposes to bring before the commission, we have not overlooked the case of Goldberg v. Philadelphia et al. 279 Pa. 356, 123 A. 851, cited and relied upon by his counsel, or our case of Bolay v. City of Philadelphia, 102 Pa. Superior Ct. 510, 157 A. 374. Neither of those cases involved the kind of a suspension with which we are now concerned. In the Goldberg case the question considered by the Supreme Court was the implied power of the civil service commission to modify an order of discharge into one of suspension. See Callahan v. Philadelphia et al. 312 Pa. 40, 167 A. 293. In the Bolay case the director had filed the charges with the commission; the authority of the director to suspend, without a reference to the commission, was not considered in either case. The reference in the Goldberg case to the "limited" power of suspension in a superior officer must be read and interpreted in connection with the issue there involved.

This brings us to the second question, viz., whether the director in the exercise of his independent power may suspend a subordinate for more than thirty days. The language of the fourth paragraph of section 18 is "a reasonable period, not exceeding thirty days, pending hearing and decision." Both sides agree that when the director intends to bring a subordinate to

trial before the commission the suspension cannot exceed thirty days. The city contends, however, that when the suspension is made by the director in the exercise of his independent authority, and not as a mere preliminary to proceedings before the commission, the only limitation upon its length is that it be reasonable.

We are unable to agree with this contention. It is equivalent to asking us to construe the phraseology of the fourth paragraph of section 18 as though it read, "for a reasonable period, but not exceeding thirty days if charges are filed with the commission." As above indicated, this paragraph applies to all suspensions of any subordinate by any superior officer in the classified civil service. One of the objects the legislature evidently had in view was to provide that a subordinate should not be permitted to continue the performance of his duties pending the disposition of charges against him, and that the charges should be promptly disposed of; hence, the provision in paragraph two that when charges are filed with the commission they shall be heard, investigated, and determined within thirty days after such filing. A period of thirty days also seems to be ample time for the making and disposition of charges before the police board of investigation, or any other similar board in any department.

We see no ground for concluding that where the superior officer suspends a subordinate solely as a matter of punishment, and files no charges anywhere, the suspension may be for a longer period than thirty days. We think it was the legislative intent that the "reasonable period," during which an employe may be suspended, should in no case exceed thirty days. To hold otherwise, would place it within the power of a superior officer to exercise practically unlimited discretion with relation to periods of suspensions. For instance, in the case at bar the record does not dis-

close that the suspension was for any definite period; we have no way of ascertaining how long it might have been continued if Egan had not been honorably discharged.

Our conclusion, therefore, is that his first suspension was within the power of the director and within the limitations of the statute. The director also had independent authority to make the second suspension, but its duration should have been limited to not more than thirty days.

The city also contends that under the concluding sentence of the fourth paragraph of section 18, to the effect that "the commission shall have authority to investigate ....... [all] suspensions, and, in case of its disapproval, it shall have power to restore pay to the employe so suspended," Egan's remedy was by application to the commission and not an action at law. We understand this provision to mean that whenever an employe is suspended, but the charges against him are not referred to the commission as ground for his removal, he may appeal to the commission upon the question of the merits of his suspension. As we construe the statute, the commission would have no power to approve a suspension of more than thirty days, but has authority to disapprove of one within that limit and to restore pay to the employe. As Egan does not question the merits of his suspensions but only the right of the director to make them, we think his remedy was properly selected.

We are of opinion, however, that the court below erred in concluding that Egan was entitled to recover pay for the full two hundred and sixty-five days of his second suspension. During the first thirty days of that period his suspension was legal and $180 should, therefore, be deducted from the principal sum of the judgment entered in his favor by the court below.

Having been informed at bar that a question similar

to the one here involved was pending before our Supreme Court in the case of Richard J. Haslam v. City of Philadelphia, No. 114, January Term, 1934, of that court, we withheld the filing of this opinion. The opinion in that case was filed by Mr. Justice MAXEY on March 19, 314 Pa. 225, 171 A. 563. As the conclusions herein stated are in harmony with those reached by our Supreme Court, this case may now be disposed of by affirming the judgment appealed from, subject to the modification above indicated.

Judgment modified and affirmed.