## Haslam *v.* Philadelphia, Appellant.

Argued January 24, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Thomas B. K. Ringe,* with him *Ernest Lowengrund,* Assistant City Solicitors, and *David J. Smyth,* City Solicitor, for appellant.

*James F. Masterson,* for appellee.

OPINION BY MR. JUSTICE MAXEY, March 19, 1934:

Richard J. Haslam, as a police officer of the City of Philadelphia, was suspended by the director of public safety on August 30, 1930, for alleged conduct unbecom-

ing an officer. The police board had recommended that he be dismissed, but the director did not pass upon this recommendation, and Haslam remained in the police bureau under suspension until June 25, 1931. He then petitioned the civil service commission to determine his status and to restore him to duty. The commission on June 25th entered an order, setting forth, inter alia, that a hearing was held to investigate the suspension of Officer Haslam, but no charges against him had been forwarded to them. The commission held that there was no authority vested in the director to suspend an officer for a period greater than thirty days, and it directed that "Patrolman Richard J. Haslam be restored to duty as of this date." The director of public safety did not comply with this order, but kept the officer under suspension until December 31, 1931, when with 130 other officers he was detached from the police force. Haslam sued the City of Philadelphia in assumpsit, claiming wages from the date of the original suspension, August 30, 1930, until December 31, 1931. The city admits that wages are due the plaintiff from June 25, 1931, up to and including December 31, 1931, but denies that there is anything due him between the date of his suspension, August 30, 1930, to June 25, 1931, due to the fact that the civil service commission, with full power to act under the City Charter Act of June 25, 1919, P. L. 581, paragraph 4, made no provision for payment to the plaintiff from the date of his suspension up to the date of their order on June 25, 1931. The Charter Act provides that all suspensions shall be without pay.

The case was tried before President Judge SMITH without a jury on February 17, 1933. It was agreed by the parties that the days between August 30, 1930, and June 25, 1931, total 299 days; that the pay of a patrolman of the rank of plaintiff during that period was $6 a day, making the total admittedly due him of $1,794. It was also agreed that the days between June 25, 1931, and December 31, 1931, total 189 days, and that plain-

tiff's pay at the same rate for that period would aggregate $1,134. The court below found that the suspension ordered by the director exceeded the period lawfully provided for in the Charter Act. President Judge SMITH said: "The director has the power to suspend a subordinate without pay. The legislature has fixed the period of suspension within a time not exceeding thirty days. Beyond that time a subordinate may not be suspended and if he cannot be suspended beyond thirty days, neither may the director properly withhold his wages beyond that period. ...... A reading of the act...... makes it manifest that no such power to the director is given."

The court found that the plaintiff was entitled to his wages from the City of Philadelphia from the 29th day of September, 1930, to December 31, 1931, a total of 458 days, at $6 a day, making a sum of $2,748, with interest thereon at 6% to the date of the trial, February 17, 1933. Judgment was entered by the plaintiff against the City of Philadelphia in the sum of $2,934.66. The city appealed.

We agree with the learned president judge of the court below that the legislature has limited the power of a policeman's superior officer to suspend that subordinate policeman to thirty days, pending hearing and decision. If an employee in the classified civil service of the city has given just cause for his discharge from the city's service, the law provides a method for such removal after the employee has been confronted with the charges against him and has been given an opportunity to answer them and to be heard in his own defense. The legislature in framing an act "for the better government of cities of the first class of this Commonwealth" (Act of June 25, 1919, P. L. 581) apparently took the view that if a superior officer of the city had reason to believe that a subordinate in the classified civil service had done something to invite and justify his removal, discharge or reduction in pay or position, thirty days would be a suffi-

cient period of time for the formulation and presentation of the charges, and for a decision upon them by the commission whose statutory duty it is to hear and investigate them, and to determine the issue presented by such charges and the answer to them, for the act specifically sets forth, in section 18, of article XIX, that "nothing herein contained shall limit the power of any superior officer to suspend a subordinate for a reasonable period, not exceeding thirty days, pending hearing and decision." To hold that the director has the power to suspend a policeman for more than thirty days without pay is contrary to both the letter and spirit of the act placing all policemen and all other employees of the city, except those specifically excepted by section 3, of article XIX, under classified civil service.

In Bolay v. City of Phila., 102 Pa. Superior Ct. 510, 157 A. 374, the Superior Court held at page 512: "If the duty of having a hearing or investigation and determination, as clearly provided, is not discharged by the commission, what is the status of the patrolman against whom the charges were made? It is very apparent that the patrolman was not to be discharged from duty without the preliminaries required by law. The defendant evidently recognized that Bolay's official connection with the city was not severed as his name continued on the roll of police officers. He was a suspended officer, not seeking or performing other work, but awaiting orders." At page 514: "If the decision was not reached within the thirty days, the alleged offender continued to be a patrolman and he was entitled to his wages from the expiration of the thirty days."

Witkin v. City of Phila., 110 Pa. Superior Ct. 489, 168 A. 491, cited by appellant, decided only that the director of public safety of Philadelphia has the power to impose a reasonable fine upon a police officer for neglect of duty. It did not decide the question presented here.

The judgment of the court below is affirmed.