## Com. ex rel. Lisk, Appellant, *v.* Davis, Mayor, et al.

Argued October 6, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*A. A. Vosburg* of *Vosburg & Vosburg,* for appellant.

*Jerome I. Myers,* City Solicitor, with him *John R. Edwards,* Associate City Solicitor, for appellees.

OPINION BY JAMES, J., February 26, 1937:

Clyde Lisk, the relator, filed a petition for a mandamus against the mayor, controller and clerk of the City of Scranton to compel the issuance and signing of a warrant for salary alleged to be due him as city fireman for the months of March and April 1934. An answer was filed by the city, a hearing was held and a decree nisi entered in favor of the defendant and against the plaintiff. Exceptions to the decree were dismissed and the decree nisi made absolute, from which decree the relator has appealed.

On February 1, 1930 Lisk applied to the Civil Service Commission of the city for an examination for a position of fireman. He stated in his application, under oath, that his height was 5 feet 7 inches, and he admitted at the hearing that he knew at the time he signed the application he was not 5 feet 7 inches. The relator was examined by a physician on Febuary 27, 1930, and he certified relator's height as being 5 feet 5 inches. On April 7, 1930 he took the mental examination and was placed on the eligible list.

On December 1, 1933 relator was sworn in as a fireman—his name being selected from the eligible list—by the director of public safety, who had previously been the secretary of the Civil Service Commission. A new administration went into office on January 1, 1934. On February 27, 1934, the then director of public safety was notified by the Civil Service Commission that an examination of the records in the office showed that certain persons, appointed to the bureau of fire on or since December 1, 1933, were not entitled to certification for appointment under the rules and

regulations of the commission and that among the ineligibles for appointment was Clyde Lisk, for the reason that the records show that his height is given as 5 feet 5 inches, whereas the rules of the commission require a minimum height of 5 feet 7 inches for firemen. On February 28, 1934 relator received a letter from the director of public safety informing him he was dismissed because his probationary period was unsatisfactory and he was under the required height.

By virtue of the Act of March 9, 1927, P. L. 18, the City of Scranton became a city of the second class A, but, until otherwise provided, was to be governed by the laws relating to cities of the second class. The Act of March 7, 1901, P. L. 20, under the chapter entitled "Department of Public Safety," article 3, section 1, provided for the appointment of firemen and policemen in cities of the second class, and the procedure whereby appointees could be dismissed. By the Act of April 14, 1931, P. L. 38, relating to cities of the second class A, a similar procedure was enacted for the removal or dismissal of policemen and firemen, and it further specifically repealed the procedure fixed by the Act of 1901.

Section 8 of the Act of May 23, 1907, P. L. 206-210, relating to cities of the second class, provides: "The Civil Service Commission, in each city of the second class, shall make rules and regulations providing for examinations for positions in the classified service of each city, and for appointments to and promotions therein, and for such other matters as are necessary to carry out the purposes of this act. Due notice of the contents of such rules and regulations and of any modifications thereof shall be given, by mail, in due season, to appointing officers and heads of departments affected thereby; and said rules and regulations and modifications thereof shall also be printed for public distribution. All original appointments to the com-

petitive and non-competitive classes of the service shall be for a probationary period of three months: Provided, however, That at any time during the probationary period the appointee may be dismissed for just cause, in the manner provided in section twenty. If at the close of this probationary term, the conduct or capacity of the probationer has not been satisfactory to the appointing officer, the probationer shall be notified, in writing, that he will not receive absolute appointment, whereupon his employment shall cease; otherwise, his retention in the service shall be equivalent to his final appointment." Section 14 requires that appointments shall be made from the appropriate eligible list certified by the commission, and further that "when an appointment is made under the provisions of this section, it shall be, in the first instance, for the probationary period of three months, as provided in section eight of this act." Section 20, which relates to the removal of those in the competitive or non-competitive class, provides inter alia: "...... Further, no such officer, clerk or employe shall be removed, discharged, or reduced, except as provided in section eight of this act, until he shall have been furnished with a written statement of the reasons for such action, and been allowed to give the removing officer such written answer as the person sought to be removed may desire ...... Nothing in this act shall alter the procedure required for the removal or punishment of policemen and firemen, as provided in the act of March seventh, one thousand nine hundred and one, relating to the government of cities of the second class."

Sections 8and 20 are re-enactments of the same sections of the Act of March 5, 1906, P. L. 83 relating to cities of the first class.

The Act of 1901, supra, relates solely to policemen and firemen, while the Act of 1907, supra, provides a complete system for the appointment and dismissal of

all employees of cities of the second class, except as to dismissal or removal of policemen and firemen, the procedure for which was regulated by the Act of 1901: *Doverspike v. Magee*, 51 Pa. Superior Ct. 525, but now regulated by the Act of 1931, supra. By section 8 of the Act of 1907, all original appointments, competitive or non-competitive, were for a probationary period of three months. During that period the appointee could not be removed except for just cause as provided in section 20, and if a policeman or fireman, by the method provided by the Act of 1901, and as now provided for by the Act of 1931. At the close of the probationary period, if the conduct or capacity of the appointee has not been satisfactory to the appointing officer, the appointee shall be notified in writing that he will not receive absolute appointment, whereupon, his appointment shall cease. The Acts of 1901, 1907 and 1931, undoubtedly, are in pari materia and must be read together. So read, we find no conflict between them; they provide a complete system of appointment and removal. But his mere appointment does not clothe the appointee with the full protection of the civil service law, until he has served his full probationary period. His right to remain in public service is dependent upon whether the appointing officer is satisfied with his conduct and capacity, and as to that the appointing officer is the sole judge. It may seem strange that the legislature did not clothe this same appointing officer with the authority at any time during the probationary period to remove the appointee, but evidently the legislature had in mind that the appointee was entitled to serve his full probationary period, unless he was guilty of the causes which would justify a removal. Nevertheless, when it came to the end of the probationary period, the right of the appointee to continue further in service was to be determined solely by the appointing power. To hold

otherwise would give no effect whatever to the provision relating to appointments for the probationary period, a most salutary provision for the purpose of determining the fitness of the appointee. Many applicants can undoubtedly pass the physical and mental requirements and yet be unfitted for appointment to the branch of service applied for. Conceding that relator was a regularly appointed fireman, he was not entitled to be heard by a court of inquiry, unless his removal was sought for cause during the probationary period, or after such period had fully elapsed. In the present case, at the end of the probationary period, relator was notified that his services were no longer required by the city. The letter from the director of public safety clearly indicated that relator's services were not satisfactory, whether for the violation of the rules of the commission or otherwise, and he was dismissed from service.

In the cases of *Doverspike v. Magee,* supra; *Storm v. City of Scranton,* 77 Pa. Superior Ct. 283; *Haslam v. Philadelphia,* 314 Pa. 225, 171 A. 563, the appointee had completed his probationary period and was entitled to be heard by the court of inquiry. In view of this conclusion, we deem it unnecessary to discuss other questions raised by relator, relating to the reasonableness of the rules of the commission.

Decree affirmed.