Kohn *v.* Philadelphia, Appellant.

Argued September 26, 1944.   Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*James Francis Ryan*, with him *Samuel Feldman*, Assistant City Solicitors, and *Frank F. Truscott*, City Solicitor, for appellant.

*Marshall A. Coyne*, with him *Gustave F. Straub* and *David J. Smyth*, for appellee.

OPINION BY BALDRIGE, J., October 27, 1944:

Plaintiff, Dr. William B. Kohn, a veterinarian, on March 6, 1936, was duly appointed an inspector in the Food Division in the Bureau of Health of the City of Philadelphia. He brought an action in assumpsit to recover his salary from August 28, 1942, when he received notice of his discharge from Dr. Owen, the Director of Public Health, to March 20, 1943, the date he resigned following the Civil Service Commission's dismissal of the charges filed against him of insubordination, disrespect, and unbecoming conduct.

President Judge FINLETTER, sitting without a jury, found that plaintiff was entitled to his salary covering the period sued for, less the first thirty days after the attempted discharge, amounting to $1,089.49. This appeal followed.

The appellant's first contention is that the commission's dismissal of the charges against the appellee was conditioned on his resigning and does not entitle him to recover any back salary. The record discloses that a final notice of discharge, following the initial notice of August 28, 1942, was sent to plaintiff in accordance with the rules of the department on September 5, 1942. Three days thereafter plaintiff requested the Civil Service Commission to give him a hearing in accordance with section 18, article 9, of the Act of June 25, 1919, P. L. 581, as amended by the Act of July 29, 1941, P. L. 579, 53 PS §3338. A hearing was held before the commission on September 28, 1942. It had been informed through Marshall Coyne, Esq., counsel

for plaintiff, that he desired to join the armed forces or obtain other employment, but was prevented from doing so because of a discharge appearing on his record. The commission had knowledge also that Dr. Owen had written a letter February 8, 1943, to the Crescent-Kelvan Co., a prospective employer, in which he stated that there was no question of Dr. Kohn's integrity, honesty, and willingness to work, but that when dealing with the public he "is rather aggressive."

On March 19, 1943, the commission filed its report in which it dismissed the charges against the plaintiff, stating that the "charges do not involve his competency, integrity, or honesty, but rather involve impulsive action upon his part and a personal feeling between him" and his superior officer. The following reference is made to the letter of Dr. Owen: "In effect it might be considered an absolution. For *that reason,* and also that the Commission having been informed that the resignation of Dr. Kohn will be submitted by his counsel, Marshall A. Coyne, Esq., the charges in this case made against him are hereby dismissed." (Italics supplied.)

The report was signed by the three commissioners. Commissioner Walnut, however, set forth therein that in his opinion "as a matter of sound policy on the part of the Commission the Director should not be overruled on the facts of the case." It also contains this statement: "Commissioner Thaddeus M. Daly, Jr., having read all of the testimony taken in the case and having followed up the case through inquiry and investigation, concurs in the action of the Commission in accepting the resignation of Dr. Kohn and directs that his personal record be completed with the resignation marked thereon."

The resignation had not in fact been submitted when the report was filed. It was not sent to the Director of Public Health until March 20, 1943. It

clearly appears therein that "absolution" was granted as a result of Dr. Owen's letter to the Crescent-Kelvan Company. The report expressly stated it was for "that reason;" obviously that was the principal, if not the sole, reason. The contemplated resignation was simply another, or an added, reason. Commissioner Henry J. Trainer testified in this case that he would not have voted for Dr. Kohn's dismissal even if his future in the Army had not been considered. We are of the opinion that the evidence adduced warranted the learned trial judge in holding in effect that the commissions action was not conditioned on the plaintiff's resignation.

The appellant asserts further that the commission did not reinstate the plaintiff and it alone had that authority, the court not having such power under the Act of 1919, supra, as amended, 53 PS §3338, which provides in part as follows: "No officer, clerk, or employe in the classified civil service of such city shall be removed, discharged, or reduced in pay or position, except for just cause, which shall not be religious or political." Prior to the 1941 amendment there was no provision for the review of the dismissal of an employe, except policemen and firemen. The Supreme Court held that subject to the statutory requirements of reasons and opportunity to submit written answers to the charges, a superior officer might discharge a subordinate city employe for just cause without a hearing: *Commonwealth ex rel. v. Philadelphia et al.,* 273 Pa. 332, 117 A. 180. The 1941 amendment does not take away the power to discharge, but the employe has the right thereunder to be furnished with a written statement of the reasons for his removal and renders it possible to have an investigation made so that it may be fairly determined whether charges merit the removal or demotion or other discipline of the employe for the good of the service. It provides further: "The

commission may, in its discretion, after making its investigation of the charges against said employe affected, order said employe to be reinstated without holding any further inquiry or hearing. The commission shall have authority, after its disapproval of the removal, discharge or reduction in pay or position of the employe affected, to restore pay to the employe for the period of such removal, discharge or reduction in pay or position ......"

It is true the commission did not expressly say that it reinstated the plaintiff, nor did it order any restoration of pay, but it did dismiss the charges. No appeal from the findings of the commission was taken by either party. The effect of the commission's report was to expunge the record of the discharge and to reinstate the status of employe and employer as though no attempt had been made to change it; that relationship continued until the resignation was received on March 20, 1943. In brief the parties were left as they were before the discharge. If Dr. Kohn had not been reinstated his resignation was unnecessary, entirely superfluous. He had no position with the city from which he could resign. We agree with Judge FINLETTER that the only reasonable inference to be drawn from the report is that the commission did reinstate the plaintiff.

The next position appellant takes is that the commission's order in failing to restore pay can only be interpreted as equivalent to an order that pay should not be restored. Its failure to expressly order a restoration of pay should not be deemed to be a denial of such right. Silence on that question does not justify our concluding that it is equivalent to a finding that the appellee is not entitled to pay for the period in question. Moreover, the commission does not have the sole control over salary alleged to be due. Courts also have jurisdiction. This present suit is a separate and

independent action in assumpsit to recover wages allegedly due, instituted after the appellee had proceeded with diligence in requesting a hearing. It is, therefore, readily distinguishable from *Conroy v. City of Philadelphia*, 319 Pa. 265, 179 A. 224.

The uncontradicted proof was that the plaintiff at all times held himself in readiness to perform his duties. His failure to do any work after the attempted dismissal was due to the charges filed against him, determined subsequently to be without merit. The legislature did not intend to vest in the commission the sole authority to restore pay for time lost as the result of an attempted discharge and it did not so state in any statute. The express grant of power to the commission to restore pay does not deprive the courts by implication of their well recognized right to determine whether a plaintiff has a right to recover for money alleged to be due. In an action of assumpsit if he shows a contractual relationship the courts have jurisdiction. A provision in the law which is alleged to decrease or deprive jurisdiction of a court of record must be strictly construed: Section 58 (7) of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §558. We think it is obvious that it was the intention of the legislature simply to give plaintiff an additional remedy through the commission, but not to deprive him of the right to bring a suit in assumpsit, which had previously existed in proper cases. We are not without authority to support this conclusion as it has been definitely held that where the employment relationship continues, as here, and no estoppel is present, a plaintiff was entitled to maintain an action of assumpsit for his wages: *Haslam v. Philadelphia*, 314 Pa. 225, 171 A. 563. The present case is not similar in its facts to *Winch v. Philadelphia*, 264 Pa. 7, 107 A. 217. There the plaintiff was discharged and reinstated after a period of three years. The court held he was not

entitled to recover salary during the interim as there was no contract of employment during that period. In the case at bar the attempted dismissal did not ultimately operate as a discharge and the plaintiff proceeded promptly to assert his rights.

Limiting the appellee's recovery by subtracting the first thirty days following the attempted discharge was in accordance with the express wording of the 1941 amendments, and is in harmony with our decision in *Egan v. City of Philadelphia,* 113 Pa. Superior Ct. 93, 100, 172 A. 183.

The judgment of the court below is affirmed.