## Callahan *v.* Philadelphia et al., Appellants.

Argued April 10, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Thomas B. K. Ringe,* with him *James Hall Prothero* and *Ernest Lowengrund,* Assistant City Solicitors, and *David J. Smyth,* City Solicitor, for appellants.—The Civil Service Commission has no power to reinstate to the Bureau of Police a patrolman who has been properly discharged for cause when his guilt is admitted and there has been no error in the proceedings leading to his discharge: Goldberg v. Phila., 279 Pa. 356.

The Civil Service Commission has no power to restore a former patrolman, who has been discharged for cause, to active duty in the Bureau of Police: Winch v. Phila., 264 Pa. 7.

Plaintiff is guilty of such laches in law as to preclude any of the relief herein sought: People ex rel. Vanderhoof v. Palmer, 3 Appel. Div. 309; People ex rel. Young v. Collis, 6 Appel. Div. 467; People ex rel. Shea v. Bryant, 28 Appel. Div. 480; Streeter v. Worcester, 177 Mass. 29, 58 N. E. 277.

*Martin Feldman,* of *Horenstein, Feldman & Harvey* and *Harry E. Kalodner,* for appellee.—The action of the

Civil Service Body is administrative or executive in its nature and cannot be reviewed by the court or any other body or appointing officer: Souder v. Phila., 305 Pa. 1; Crofut v. Phila., 276 Pa. 366; Gallagher v. Transit Co., 248 Pa. 304.

There can be no application of laches. Laches does not depend merely upon the lapse of time.

The plaintiff has diligently asserted his rights: Bolay v. Phila., 102 Pa. Superior Ct. 510.

OPINION BY MR. JUSTICE SCHAFFER, May 22, 1933:

Plaintiff was a police officer of the City of Philadelphia. After a hearing before the Civil Service Commission, the body fixed with the duty of hearing charges against policemen, he was found guilty of neglect of duty and on February 28, 1930, discharged from the service of the city. His discharge was duly certified by the Commission to the Director of Public Safety, who issued the formal order for his removal. Subsequently, in August of that year, plaintiff presented a petition to the Commission, in which he set forth that he had been discharged from the police force and requesting that his case be reopened, and a hearing be granted, "not with the thought in mind of attempting to disprove any of the said charge, but solely to place himself at the mercy of the Commission." On September 10, 1930, he appeared before the Commission, testified to what he had been doing since his discharge, and stated that he had not drunk any intoxicating liquor thereafter. The Commission issued an order reinstating plaintiff and directing that he forfeit his pay from the date of dismissal to the date of reinstatement.

The Director of Public Safety refused to make the reinstatement, plaintiff tendered his services to the city, which were refused, and on April 9, 1932, he petitioned the court for a writ of alternative mandamus requiring the Director of Public Safety to designate him as a patrolman and assign him to duty. He also brought an

action of assumpsit against the city to recover the pay claimed to be due him from the time of his alleged reinstatement. The two actions of assumpsit and mandamus were tried together in the court below and resulted in a directed verdict in plaintiff's favor in the assumpsit action for $3,470.18, and also in his favor in the mandamus action. From the judgments entered on the verdicts the city has appealed.

The Civil Service Commission and plaintiff's counsel have entirely misapprehended the extent of the Commission's power. It has no authority to reinstate a policeman as it undertook to do, as a reading of the City Charter Act of June 25, 1919, P. L. 581, article XIX, sections 14 and 15, page 618, 53 P. S., sections 3334 and 3335, will show. Its power is limited to certifying persons eligible for appointment to the various city officials given the power to appoint. In attempting to make the order relied upon by the appellee as the basis for his claim, the Commission assumed the prerogative of the Director of Public Safety as the executive head of his department. It took upon itself authority to appoint the appellee to office without any color of legal right to do so.

The Charter Act provides in section 13 of article XIX for the adoption of rules by the Commission governing the reinstatement within one year of persons "who without default or delinquency on their part have resigned or have been separated from the service." Such a rule obviously does not cover the plaintiff, who admits his fault and delinquency. The Legislature, in permitting the Civil Service Commission to make rules and regulations for the reinstatement of patrolmen separated from the service without fault on their part, manifestly did not intend to give to it power to restore to active duty one who admittedly stands guilty of the offense for which he was properly discharged. The power to make rules does not give the Commission authority to reinstate. Its power is to certify eligibility for reinstatement. The

authority actually to reinstate is vested in the Director of Public Safety, to be exercised in the manner provided by the act. The most the Commission could legally have done, had it been convinced on a proper rehearing that its former judgment was too severe, would have been to have placed the plaintiff's name on an eligible list to be sent to the Director of Public Safety, as the appointing officer, upon his requisition for eligible persons to appoint. When he desires to make appointments, he presents a requisition to the Civil Service Commission which then supplies him with what is known as an eligible list. From this list, the Director selects those whom he desires to appoint. He has the power of selection as provided by section 15 of article XIX of the Charter Act: "The appointing officer shall, upon the receipt of the eligible list from the Commission and with sole reference to the relative merit and fitness of the candidates, make an appointment from the two names so certified. After any name has been twice rejected by any one appointing officer for the same or a similar position in favor of others on the same eligible list, the said name shall not again be certified to that appointing officer." So far as reinstatements are concerned, the Commission is limited to certifying persons for reinstatement, who, without fault or delinquency on their part, have resigned or have been separated from the service.

The position assumed by plaintiff is that he was discharged with the understanding that his dismissal was to continue for six months only, that the Commission has held a rehearing and reinstated him and that the court is without authority to review the discretion of the Commission in so doing. His claim that the period of his discharge was limited to six months is based upon something said by one of the Commissioners at the time of his hearing. A remark by one of the Commissioners at a hearing can have no effect upon the judgment which it pronounced. The judgment was that he was found

guilty and discharged from the city service. This he admits in his petition wherein he sets forth that he had been discharged, and requests a rehearing, "not with the thought in mind of attempting to disprove any of the said charge, but solely to place himself at the mercy of the Commission."

The petition filed was insufficient to warrant a rehearing. On such a petition, even after the so called rehearing, the Commission, not only had no authority to order his reinstatement as it did, but it had no authority to certify him to the eligible list. His status was the same as though he had never been in the city's service. This we decided in Winch v. Phila., 264 Pa. 7, 9, where we said: "The plaintiff was not temporarily suspended from exercising his office or place, but was finally discharged from the city's employment. This much is not questioned. The effect was to dissolve and terminate all relations between the city and him in the matter of the employment in which he had served. A subsequent reëmployment of the plaintiff in the same service would be a new contract creating new duties and obligations having no relation whatever to the former contract."

The rehearings which the Commission is authorized under its own rules to hold, are in instances where a policeman or fireman has been dismissed from the service and presents a petition containing an averment that the evidence which he desires to have heard was not presented at his original hearing, or, wherein he sets forth some new or after-discovered evidence, or some other fact upon which he relies, or in which he embodies reasons for his belief that the original judgment or decision of the Commission was in error. None of these requisites for a rehearing is embodied in the petition filed, and therefore, the Commission should not have entertained it. Under our ruling in Goldberg v. Phila., 279 Pa. 356, the Commission is authorized, after having adjudged a public employee guilty and discharged him, to open the case when after-discovered evidence shows

that a wrong had been done, and to rehear the matter and to modify its sentence of dismissal to one of suspension. The rule there announced has no application to the case we are now considering. What was really decided in that case was that the Commission has an implied power under the act to remove for a limited period, when the evidence does not justify greater punishment, and that it is not limited solely to the power to discharge.

As to the court's review of the discretion of the Commission, it is sufficient to say that its discretion is not involved. The Commission had no discretion to exercise so far as plaintiff's reinstatement is concerned.

The judgment in each case is reversed and entered for the defendants.