## Souder, Appellant, *v.* Philadelphia et al.

Argued January 9, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Edward D. Mitchell,* for appellant.

*T. B. K. Ringe,* Assistant City Solicitor, and *David J. Smyth,* City Solicitor, for appellees, were not heard.

PER CURIAM, January 30, 1934:

In this mandamus proceeding appellant seeks for the second time to compel his restoration to the office of captain on the police force of the City of Philadelphia. When the case was here before (305 Pa. 1), the entire situation was fully considered by us and it was then definitely determined that appellant was legally discharged for conduct unbecoming an officer. The fact that, upon supplemental petition filed by appellant subsequent to our decision, the civil service commission modified its former finding and ordered Souder reinstated as police captain, will not assist appellant to succeed now. In Callahan v. Philadelphia, 312 Pa. 40, we stated that the power to reinstate a police officer discharged for cause was vested in the director of public safety and not in the civil service commission. Moreover, as pointed out by the learned judge of the court below, "neither the first petition nor the [supplemental] petition to the civil service commission for rehearing averred new or after-discovered evidence or other facts or reasons showing that the original decision of the commission finding the petitioner in default or delinquency was in error."

This case is ruled by the former appeal reported at 305 Pa. 1, and by the Callahan decision, supra, and we accordingly deem further elaboration of the matter unnecessary.

Judgment affirmed at appellant's costs.